UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

CHIVOUS ROBINSON, )
)
    *Petitioner*, )
)
v. ) No.: 3:07-cv-401
) (VARLAN/GUYTON)
JOE EASTERLING, Warden, )
)
    *Respondent*. )

## MEMORANDUM OPINION

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the Court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent, the petitioner's response thereto, and the petitioner's motion for leave to amend the habeas petition. Petitioner's motion to amend the petition [Doc. 22] will be **GRANTED**. For the following reasons, the motion to dismiss [Doc. 14] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Chivous Robinson ("Robinson") challenges his Knox County convictions for one count of solicitation to commit first degree murder and one count of second degree murder. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the Court with copies of the opinions of the Tennessee appellate courts on direct appeal and on post-conviction, as well as other documents relevant to petitioner's appeals. [Doc. 15, Motion to Dismiss, Appendices A-G].

Robinson was convicted by a jury of the aforementioned charges and was sentenced to consecutive terms of imprisonment of 23 years on the second degree murder conviction and nine years on the solicitation conviction. His convictions and sentence were affirmed on direct appeal. *State v. Robinson*, No. E2001-00865-CCA-R3-CD, 2003 WL 649115 (Tenn. Crim. App. Feb. 28, 2003), *perm. app. denied, id.* (Tenn. July 7, 2003) [Appendix A].

Robinson next filed a petition for post-conviction relief, which was denied after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Robinson v. State*, No. E2005-01036-CCA-R3-PC, 2006 WL 1381511 (Tenn. Crim. App. May 19, 2006), *perm. app. denied, id.* (Tenn. Oct. 2, 2006) [Appendix B]. Robinson filed the pending habeas corpus petition on October 23, 2007.[1] The respondent moves to dismiss the petition based upon the statute of limitation.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

---

[1]The petition was received by the Clerk's Office on October 26, 2007. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on October 23, 2006. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

Robinson's conviction became final on October 5, 2003, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal on direct appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal).

Robinson's state post-conviction petition tolled the running of the statute of limitation, but only while it was pending. According to the Tennessee Court of Criminal Appeals, the original *pro se* post-conviction petition was filed on October 16, 2003. *Robinson v. State*, 2006 WL 1381511 at *2. At that time eleven days of the one-year statute of limitation had elapsed, leaving 354 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on October 2, 2006, and the statute of limitation resumed running on that date. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (statute of limitation is not tolled during the pendency of a petition for certiorari to the U.S. Supreme Court); *Dunlap v. State*, No. E2001-00189-CCA-R3-PC, 2001 WL 1231507 *3 (Tenn. Crim. App. October 12, 2001), *perm. app. denied, id.* (Tenn. May 6, 2002) (state court decision becomes final on the date the Tennessee Supreme Court either files its opinion or denies permission to appeal; the 30 days after judgment for the mandate to issue does not apply to toll a statute of limitation).

3

As noted, Robinson had 354days, or until September 21, 2007, to seek federal habeas corpus relief. Robinson's habeas corpus petition was not filed until October 23, 2007, and thus was not timely. In his habeas petition, and in response to the motion to dismiss, Robinson acknowledges that his habeas corpus petition was not timely filed, but claims it should be allowed under the doctrine of equitable tolling.

The Sixth Circuit has found that the AEDPA's one year limitation period is subject to equitable tolling because it is a statute of limitation, not a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). When determining whether equitable tolling is appropriate, the court must consider the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. at 1008. However, "[t]hese factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citation omitted).

Robinson has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). In addition, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003)

4

(citations and internal quotations marks omitted). *See also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) ("To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.").

Robinson alleges he was not notified in a timely manner by his appointed attorney, Liddell Kirk, that his direct appeal from the denial of post-conviction relief had been denied by the Tennessee Court of Criminal Appeals or that his application for permission to appeal to the Tennessee Supreme Court had been denied. According to Robinson, he did not learn until October, 2007, of those two decisions.

In support of his allegation, Robinson has provided the Court with various documents, including the affidavit of Jimmie Burchette. Ms. Burchette testifies that she is employed in the prison mail room at Hardeman County Correctional Facility, where Robinson is incarcerated, and that the ledgers for legal mail show that Robinson did not receive any legal mail from his attorney or any Tennessee court from May 14, 2006, to October 8, 2007. [Doc. 3, Habeas Corpus Petition, Exhibit 3, Affidavit of Jimmie Burchette].

Robinson also attached an undated letter from Liddell Kirk in which Mr. Kirk stated he was enclosing a copy of the opinion of the Tennessee Court of Criminal Appeal and that he had sent the original to Robinson the previous year; the accompanying envelope indicated the letter from Mr. Kirk addressed to Robinson was received in the prison mail room on October 9, 2007. [*Id.*, Exhibit 1].

In addition, Robinson provided copies of a letter he sent to Mr. Kirk on March 29, 2006, requesting an update on the status of his appeal, and Mr. Kirk's reply dated April 11, 2006, in which he stated the appeal was still pending. [Doc. 20, Response to Motion to Dismiss, Attachments 4 and 5, respectively]. As noted earlier, the Tennessee Court of Criminal Appeals rendered its decision on May 19, 2006, and the Tennessee Supreme Court denied permission to appeal on October 2, 2006.

Robinson does not claim he was unaware of the one-year statute of limitation. Rather, he contends he is entitled to equitable tolling based upon counsel's failure to notify him of the denial of his appeal. Robinson further states it would be a fundamental miscarriage of justice to not apply equitable tolling in his case. He relies on *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002) to support his claim.

In *Miller*, a habeas petitioner claimed he was entitled to equitable tolling for the six-month period during which he was unaware of the state court's resolution of his case. The record in *Miller* demonstrated that the petitioner did not receive timely notice of the state court decision and that he filed a motion in state court inquiring about the status of his case. The Sixth Circuit found that, rather than "passively await decision" by the state court, Miller exercised "reasonable diligence in attempting to protect his rights" and thus was entitled to equitable tolling. *Id*. at 496. Here, as in *Miller*, Robinson contends that he did not receive timely notice and did not know about the state court's disposition of his appeal. For purposes of this opinion, the Court accepts Robinson's assertion that he did not timely receive notice from his attorney of the state appellate courts' decisions.

6

Without more, however, the fact that Robinson's attorney failed to timely send him notice of the denial of his appeal does not entitle him to equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Irwin v. Dept. of Veteran's Affairs*, 498 U.S. 89, 96 (1990)) ("To be certain, the principles of equitable tolling do not extend to 'garden variety' claims of excusable neglect on the part of a litigant's attorney."); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) (quoting *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003)) ("[Petitioner] fares no better by implying that counsel was derelict in failing to timely notify him of the state court's disposition. We have stated that '[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling.'").

The trial court denied post-conviction relief by order entered April 21, 2005, and Robinson's notice of appeal was filed on May 3, 2005. [Doc. 15, Motion to Dismiss, Appendix E]. Although Robinson apparently sent his attorney a letter on March 29, 2006, inquiring as to the status of his appeal, he waited until October, 2007, to make further inquiry. Under the circumstances, the Court finds that Robinson has not demonstrated due diligence in protecting his rights and thus is not entitled to equitable tolling. *See Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1412 (9th Cir. 1986) ("A party has an independent duty to keep informed [as to his status of his case.]"); *see also Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

Robinson's habeas corpus petition is barred by the statute of limitation and the motion to dismiss will be **GRANTED** for that reason. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** Petitioner's leave to proceed *in forma pauperis* on appeal.

      **AN APPROPRIATE ORDER WILL ENTER.**

      s/ Thomas A. Varlan  
      UNITED STATES DISTRICT JUDGE